## In re BALLANTINE.

### (District Court, N. D. New York. May 6, 1916.)

1. BANKRUPTCY ⬤⟹314(4)—CLAIMS—SUFFICIENCY.

Where a claim against the estate of a bankrupt, presented in 1915, for moneys lent, the last loan being in 1905, did not clearly show any partial payments on account of such claim, and disclosed that the only written acknowledgment of the debt was a purported assignment by the bankrupt in 1907 of certain book accounts, and evidences of indebtedness for a consideration other than the amounts lent, the claim should be disallowed, as showing on its face that it was barred by limitations.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 473; Dec. Dig. ⬤⟹314(4).]

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. LIMITATION OF ACTIONS ⬥➾27—RUNNING OF STATUTE—ACKNOWLEDGMENT —PART PAYMENT.

An action for money lent will be barred by lapse of six years, unless there is a written acknowledgment or a payment on account within the six-year period, which will toll the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 132, 133; Dec. Dig. ⬥➾27.]

3. BANKRUPTCY ⬥➾314(4)—CLAIMS—SUFFICIENCY.          •

A claim against the estate of a bankrupt for moneys lent before 1905, which was presented in 1915, and recited monthly payments on account from October, 1912, to July, 1914, it is insufficient to show that the claim was not barred by limitations; it not appearing from the recitals that the payments were on account of the loan.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 473; Dec. Dig. ⬥➾314(4).]

4. BANKRUPTCY ⬥➾341—CLAIMS—PRESENTATION.

Though a claim for moneys loaned was insufficient, not showing that limitations had been tolled, the claim will not be finally disallowed, where there were averments of payments on account, which by amendment might be made to show a tolling of limitations, and the claimant will be given an opportunity to amend.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528; Dec. Dig. ⬥➾341.]

5. BANKRUPTCY ⬥➾127—TRUSTEE—SELECTION.

While the District Court will not undertake to set aside or vacate the choice or election of the trustee, but will relegate that matter to the referee in bankruptcy, the referee should exercise care to protect the interests of all creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. ⬥➾127.]

6. BANKRUPTCY ⬥➾123—SELECTION OF TRUSTEE—RIGHT OF CREDITORS.

Where there was a close struggle over the election of trustee, and the bankruptcy was such that the wife of the bankrupt, who filed a claim, should not be allowed to dominate the choice, it is proper for the referee to refuse to allow her to vote, where to do so would allow her to name the trustee, notwithstanding her claim, which was not finally disallowed, might be amended so as to be made good.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ⬥➾123.]

In Bankruptcy. In the matter of Charles J. Ballantine, bankrupt. Application by Harriet K. Ballantine to review the decision of the referee, rejecting her claim and refusing to allow her to vote on the question of the election of a trustee. Order, which did not finally refuse the claim, but suggested that it be amended, affirmed, and proceedings remanded, with directions.

This is a review of the decision of the referee in bankruptcy rejecting the claim of Harriet K. Ballantine, the wife of the bankrupt, for $12,979.54, at the first meeting of creditors, and refusing to allow her to vote on the question of the election of a trustee, and asking that such order be set aside, as well as the order appointing a trustee. The referee did not finally reject the claim, but suggested that same must be and should be amended before it could be allowed, as on its face it was invalid and barred by the statute of limitations, which

was pleaded or alleged as a defense to the claim and a reason for its disallowance.

Visscher, Whalen & Austin, of Albany, N. Y., for claimant.

Geo. J. Hatt, 2d, of Albany, N. Y., for trustee elected and for certain creditors.

RAY, District Judge (after stating the facts as above). [1] At the first meeting of creditors the claimant, Harriet K. Ballantine, the wife of the bankrupt, presented a claim for money loaned by her to said Charles J. Ballantine, "as per the schedule hereto attached and made a part hereof, marked Schedule A, except the sum of three hundred eighty dollars and $^{00}/_{100}$ ($380), as per the annexed schedule hereto annexed and made a part hereof, marked Schedule B; that no part of said debt has been paid, nor has any note been received, or judgment rendered thereon; that there are no offsets or counterclaims to the same, and that deponent has not, nor has any person by his order, or to his knowledge or belief, for his use, had or received any manner of security for said debt whatever."

Schedule A was as follows:

Charles J. Ballantine to Harriet K. Ballantine, Dr.

| | |
|---|---:|
| April 7, 1902 | $2,286.70 |
| July 1, 1902 | 2,208.00 |
| July 20, 1903 | 507.25 |
| Jan. 6, 1905 | 2,149.21 |
| Jan. 6, 1905 | 465.90 |
| | $7,617.06 |
| Interest to February 10, 1915 | 5,362.48 |
| | $12,979.54 |

Schedule B was as follows:

| | | | | | |
|---|---|---|---|---|---:|
| Oct. 17, 1912. | Received on account | | | | $ 20.00 |
| Nov. 21, 1912. | " | " | " | | 20.00 |
| Jan. 21, 1913. | " | " | " | | 20.00 |
| Jan. 28, 1913. | " | " | " | | 20.00 |
| Feb. 21, 1913. | " | " | " | | 20.00 |
| Mch. 19, 1913. | " | " | " | | 20.00 |
| Apr. 18, 1913. | " | " | " | | 20.00 |
| May 19, 1913. | " | " | " | | 20.00 |
| June 18, 1913. | " | " | " | | 20.00 |
| Sept. 4, 1913. | " | " | " | | 20.00 |
| Sept. 4, 1913. | " | " | " | | 20.00 |
| Oct. 21, 1913. | " | " | " | | 20.00 |
| Nov. 26, 1913. | " | " | " | | 20.00 |
| Dec. 22, 1913. | " | " | " | | 20.00 |
| Feb. 20, 1914. | " | " | " | | 20.00 |
| Apr. 22, 1914. | " | " | " | | 20.00 |
| May 21, 1914. | " | " | " | | 20.00 |
| June 22, 1914. | " | " | " | | 20.00 |
| July 20, 1914. | " | " | " | | 20.00 |
| Total | | | | | $380.00 |

Certain creditors objected to the allowance of the claim on the ground that it appeared on its face it was barred by the statute of limitations and should not be allowed. Thereupon the claimant with-

drew the claim and amended same, by inserting therein the words "said debt having been revived by an instrument in writing duly acknowledged by said bankrupt dated September 19, 1907, hereto annexed," after the words "marked Schedule B," and also by inserting the words "except as herein stated" after the words "no part of said debt has been paid," and also by inserting after the words "counterclaims to the same" the words "except as above."

The instrument in writing, duly acknowledged by said bankrupt, and referred to in the amended claim, and annexed to the amended claim, reads as follows:

In consideration of the sum of seven thousand dollars ($7,000), to me in hand paid at or before the ensealing and delivery of these presents, I, Charles J. Ballantine, of the city and county of Albany, state of New York, do hereby sell, assign, transfer, and set over unto Harriet K. Ballantine, of the same place, all book accounts and other evidences of indebtedness now due and owing me.

In witness whereof I have hereunto signed my name and affixed my seal this 19th day of September 1907. Charles J. Ballantine. [L. S.]

State of New York, City and County of Albany—ss.:

On this 19th day of September, 1907, personally appeared before me Charles J. Ballantine, to me known to be the person who executed the foregoing instrument, and he thereupon acknowledged that he executed the same.

George Lawyer,
Commissioner of Deeds, Albany, N. Y.

There was and is no allegation in the amended claim that any book accounts or other evidences of indebtedness were due and owing to the assignor mentioned in said assignment, Charles J. Ballantine, from any person, and hence it does not appear and did not appear to the referee that anything was assigned to or received by the assignee, Harriet K. Ballantine, to apply on the alleged indebtedness, which as shown in Schedule A was barred by the statute of limitations, as the last loan of money was made January 6, 1905, and the claim was not presented until some time in the year 1915. There is nothing in the amended claim to show that this assignment, even if it assigned anything, or carried anything, to the assignee, was made to apply as a payment on the indebtedness alleged and particularized in Schedule A, and for this reason the amended claim did not show a renewal or revival of the claim, so as to take it out of the statute of limitations.

Schedule B simply says, giving dates, "Received on account, $20.00," and this is repeated each and every year down to and including July 20, 1914. There is no allegation or statement in the amended claim, and there is none in the original claim, that these payments were made or accepted or received on the claim mentioned and set forth in Schedule A, or that they were made by Ballantine himself, or that they were made at the times mentioned. To accept these as payments on the account set forth in Schedule A and mentioned in the original claim, and also in the amended claim, would require that we infer that the alleged payments were made at the dates mentioned, and there is no statement in the claim as amended that they were made at the dates mentioned, and also on the account and claim mentioned in Schedule A, and there is no allegation or statement in the claim that

they were so made. I think the referee was right in sustaining the objection to the sufficiency of the claim, and in sustaining the objection thereto that such claim on its face was barred by the statute of limitations, even in its amended form.

[2-4] There is no written acknowledgment of the debt, and to take a claim of this character for money loaned out of the statute of limitations it must appear that a payment was made by the person owing the debt on the claim within six years. The payment must have been made on that particular claim. A payment on account is not sufficient, unless it was made on account of the particular claim constituting the debt or claim. These essentials should not be left to surmise, guess, speculation, or inference. If it be true that the payments on account mentioned in Schedule B were made to apply as payments on the alleged debt or claim mentioned in Schedule A, it would have been very easy to so say. I rule, however, that the referee should, and he is directed to, allow the claimant to file an amended proof of claim, setting forth whether or not any payments were made on account of the moneys claimed to have been loaned as set forth in Schedule A, and, if so, what payments, specifying them, and the dates when such payments were made, and the amended claim should specify that the alleged payments were made to apply on and as a payment on that account or that indebtedness.

[5] It appears and was conceded on the argument that there are quite a number of approved and allowed claims, and that there was a struggle, and a very close struggle, over the election of a trustee. I rule and hold that the referee was right in not allowing this claim, so as to enable the wife of the bankrupt to dominate the choice of a trustee. There are questions involved in this bankruptcy proceeding which forbid that the wife should so dominate the election of the trustee. The trustee should be a person free from prejudice and entirely disinterested. This court will not undertake to set aside or vacate the choice or election of the trustee made, but will relegate that matter to the referee in bankruptcy, with directions to give the matter careful reconsideration, and appoint such trustee as he is satisfied will protect and care for the interests of all creditors, but with further directions that in no event shall the wife be allowed to dominate the choice of the trustee.

[6] It is not intimated that the referee should set aside the choice of trustee already made, as that matter is left entirely to the good judgment and discretion of the referee, who has control of the matter, and who undoubtedly will exercise his usual good judgment in this matter. Neither is it necessary that the confirmation of the trustee chosen should await an amendment of the claim and an adjudication thereof. This would only lead to delay, and is entirely unnecessary, as the wife in no event should be permitted to dominate the choice of the trustee.

There will be an order accordingly.